Wyly, J.,
dissenting. I think the plaintiff had the right to be served at the barroom of the defendant; but I do not think the refusal ought to entitle him, a colored man, to greater damages than a white man ought tp recover, it being no greater wrong to refuse a colored man than, a white man. The question of color has nothing to do with the case. Nor is the position of the plaintiff of any consequence.
A citizen of the State has been refused entertainment at a public resort, and he claims exemplary damages under a statute highly penal in its character.
The jury could not agree upon a verdict, and under a special statute the district judge was authorized to dispose of the case. He imposed on the defendant §1000 exemplary damages, no actual damages being shown.
I think the penalty wholly disproportionate to the offense. If, instead of refusing the plaintiff a drink merely, the defendant had seized a chair and beaten him half to death with it, the damages would probably not have exceeded $250. Yet, is the right to enjoy the entertainment. of a drinking saloon of greater moment or more sacred than the right-of personal security from violence1?
Gravé offenders are rarely condemned to pay a larger penalty than §1000, as the law is now administered; and yet, without any evidence of the ability of the defendant to pay the penalty, he is condemned to pay one thousand dollars for merely refusing to sell a drink, not probably worth more than twenty-five cents, and where no actual damage has resulted from the refusal. As the statute is highly penal, as there is no proof of the circumstances of the defendant, and as the damages imposed by the district judge are, in my opinion, unreason *16 able and oppressive, I believe justice requires that this case should be remanded for new trial by a jury.
To vindicate Mr. Sauvinet’s civil rights it is not necessary to despoil the defendant or to impose on him a greater penalty than he can bear, the object of the law being to correct the abuse, not to bestow wealth upon the party injured, or to destroy the offender.
For these reasons I deem it my duty to dissent in this case.